PERO BUILDING COMPANY, INC. *v.* DONALD
HORTON SMITH ET AL.
(6116)

DALY, O'CONNELL and STOUGHTON, Js.

Argued June 15—decision released September 6, 1988

*Philip Matthew Hart,* for the appellants (named defendant et al.).

*Frank J. Kolb, Jr.,* with whom, on the brief, was *Noah Eisenhandler,* for the appellee (plaintiff).

*Joseph Glass,* for the appellee (defendant Gerrity Company, Inc.).

O'CONNELL, J. The named defendant et al.[1] appeal from a judgment in favor of the plaintiff contractor, in an action arising from the defendants' failure to pay the balance due for the construction of a two-family home. The defendants claim that the court erred (1) in finding that the plaintiff is entitled to recover interest in the amount of $6327.34, (2) in employing the contract price of $70,200 as a starting point for its computation of damages, (3) in not awarding the defendants a per diem penalty for the plaintiff's failure to complete the dwelling by the contract deadline, (4) in excluding evidence concerning the defendants' claim for loss of rental income arising from the plaintiff's failure to complete the subject dwelling on schedule, (5) in excluding the defendants' evidence concerning their claim for damages resulting from a defective roof and defective windows, and (6) in excluding

---

[1] The Smiths are referred to as the defendants in this opinion because other defendants named in the writ are not involved in the issues raised in this appeal.

the defendants' evidence concerning attorney's fees. We find no error.

The defendants' first claim of error concerns the court's award of interest. It is rudimentary that an award of interest is within the discretion of the trial court. *Crest Plumbing & Heating Co.* v. *DiLoreto,* 12 Conn. App. 468, 478, 531 A.2d 177 (1987). An examination of the record in the present case does not disclose an abuse of this discretion.

The second and third claims of error relate to factual findings of the trial court. "Our review of the trial court's factual findings is limited solely to the determination of whether they are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, they are clearly erroneous . . . . The function of an appellate court is to review, and not retry the proceedings of the trial court." (Citations omitted.) *Petti* v. *Balance Rock Associates,* 12 Conn. App. 353, 357, 530 A.2d 1083 (1987). We conclude that the trial court's findings are adequately supported by the record.

Claims of error four and five arise from a counterclaim filed by the defendants. The counterclaim did not, however, make a claim for loss of rental income (claim four), or for damage sustained as a result of a defective roof and windows (claim five). Accordingly, the court was correct in excluding evidence concerning those matters. A defendant on a counterclaim "must be restricted in his offer of proof to evidential facts within the range of the case which his [counterclaim] fairly discloses. The [counterclaim] must be definite enough to mark out these limitations with reasonable certainty." B. Holden & J. Daly, Connecticut Evidence § 68a, and cases cited therein.

The defendants seek relief from their failure to include these matters in their counterclaim on the

ground that the plaintiff had annexed the original contract to its complaint and thus made it an exhibit in the case. See Practice Book § 141.[2] This rule of practice, however, does not excuse a party from pleading his case as clearly and precisely as possible. The rules of pleading "are designed to clarify and fix the issues and to confine the judicial inquiry necessary to decide the issues within reasonable and relevant limits." *Salem Park, Inc.* v. *Salem,* 149 Conn. 141, 144, 176 A.2d 571 (1961); see Practice Book § 108.[3] It is clear that many contracts that are the subject of litigation are lengthy and complex documents. Precision in issue framing, the goal of effective pleading, however, would be rent asunder if this court held that any and all parts of an annexed contract could be attacked merely by general reference, despite the failure of the pleadings to refer to the particular contract provision in question. Such a theory would allow a party to circumvent the winnowing process inherent in the ordinary pleadings system, which normally enables the parties to contest the sufficiency of the complaint and revise its content, before being required to respond thereto. We decline to expose litigants and trial courts to such an open arena of judicial confusion. The trial court properly excluded the evidence addressed in the defendants' third and fifth claims of error.

The defendants' final claim of error pertains to their claim for counsel fees. The record indicates that no

[2] Practice Book § 141 provides in pertinent part: "Where the plaintiff desires to make a copy of any document a part of his complaint, he may, without reciting it or annexing it, refer to it as Exhibit A, B, C, and etc., as fully as if he had set it out at length; but in such case he shall serve a copy of such exhibit or exhibits on each other party to the action forthwith upon receipt of notice of the appearance of such party and file the original or a copy of such exhibit or exhibits in court with proof of service on each appearing party."

[3] Practice Book § 108 provides in pertinent part: "Each pleading shall contain a *plain and concise statement* of the material facts on which the pleader relies . . . ." (Emphasis added.)

claim for attorney's fees was contained in the counterclaim. In fact, the counterclaim made no claim for relief whatsoever,[4] as it failed to contain an ad damnum clause. Moreover, the defendants failed to pursue their claim for attorney's fees at trial by means of an offer of proof, an attempt to introduce evidence through another attorney, or any other means. The trial court succinctly stated that "[t]he question of attorney's fees [was] not 'denied' by the undersigned; [it was] just not considered for the reason that no claim or proof [of] attorney's fees [was] presented at the trial before me." We conclude the trial court's ruling concerning attorney's fees was correct.

There is no error.

In this opinion the other judges concurred.

---

[4] The lack of an ad damnum clause in the counterclaim furnishes an additional ground for finding no error on claims four and five.