[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action to recover payments allegedly due pursuant to an agreement to lease manufacturing equipment. Plaintiff, Copelco Credit Corporation [Copelco], is a finance company and assignee of the equipment lease. The two defendants are Surface Techniques, Inc. [Surface], the lessee of the equipment, and its president, Richard Vogt. The plaintiff now moves to strike seven (7) of the eight (8) special defenses raised by each defendant against the counts of the plaintiff's complaint addressed to them individually.
Plaintiff alleges the following facts in count one addressed to defendant Surface. On May 19, 1989 Surface entered CT Page 1408 into an agreement with Portland Leasing Company to lease a piece of equipment for a term of sixty (60) months at a monthly rate. On the same date, the lease was assigned to the plaintiff, Copelco Credit Corporation. The lessee, defendant Surface, acknowledged by receipt the installation and acceptance of the leased equipment and paid two monthly installment rental payments pursuant to the leasing agreement. Despite repeated demands by the plaintiff, the defendant has refused to make further payments. Plaintiff claims $31,962.38 is due, plus property tax, attorney's fees and costs.
In the second count addressed to the defendant Richard Vogt, the plaintiff repeats and realleges the leasing agreement facts. Plaintiff adds that defendant Vogt induced the Portland Leasing Corporation to enter into the lease agreement by unconditionally guaranteeing the prompt payment and performance of lease obligations.
On March 12, 1990, the defendants each answered and each raised eight identical special defenses to the action. In their answers, the defendants admit that they paid two monthly installments on the equipment lease before they received the equipment which they allege was non-conforming and defective and rejected by them.
The defendants have asserted the following special defenses:
 (1) Plaintiff is not a bona fide assignee of the lease,
(2) failure of consideration;
(3) fraudulent inducement;
(4) rightful rejection of the leased equipment;
(5) revocation of acceptance;
(6) unconscionability of the lease;
 (7) invalid disclaimers under Conn. Gen. Stat. 42a-2-316;
(8) estoppel.
Plaintiff now moves to strike special defenses two through eight.
A motion to strike challenges the legal sufficiency of any CT Page 1409 answer to any complaint, . . . including any special defenses contained therein. Conn. Practice Bk. 152(5). The motion to strike admits all well pleaded allegations and it cannot be opposed by facts outside the attacked pleading(s). State v. Bashura, 37 Conn. Sup. 745 (1981).
Failure or want of consideration is a defense as against any person not having the rights of a holder in due course. . . Conn. Gen. Stat. 52a-3-408. In the second special defense, the defendants allege a failure of consideration in that the equipment leased was wholly defective. In the first special defense, defendants allege that plaintiff is not a holder in due course. See Conn. Gen. Stat. 42a-3-305.
Plaintiff contends that the defendant mistakenly construes the equipment to be the consideration for the lease rather than the lessor's purchase of the equipment and extension of credit to the lessee. Plaintiff cites Stewart v. United States Leasing Corp., 702 S.W.2d 228 (1985) in which the defendant lessee asserted a lack of consideration claim based on a non-delivery of equipment in an action by lessor for payment under an equipment lease. The court upheld the contract, finding consideration in the lessor's purchase and extension of credit to the defendant. Id. Stewart is inapposite to the instant case in that it involved an action by the equipment lessor against the lessee, based upon the lease executed between the parties. Here, the plaintiff is not the original lessor but an assignee of the lease, and consequently is in a different posture with respect to the defendant lessee.
Accordingly, the defendants' special defense allegations of failure of consideration and of plaintiff's lack of holder in due course status, if construed favorably to the pleader, raise a defense of want of consideration sufficient to withstand the plaintiff's motion to strike.
The essential elements of an action in fraud are that a false representation was made as a statement of fact; that it was untrue and was known to be untrue by the party making it; that it was made to induce the other party to act on it; and he did so act to his injury. Paiva v. Vanech Heights Construction Co., 159 Conn. 512, 515 (1970) (citations omitted). The general rule is that a misrepresentation must relate to an existing or past fact, but there is an exception that a promise to do an act in the future, when coupled with an intent not to fulfill the promise, is a false representation. Id. at 515. (citations omitted).
In this case defendants allege in their third special defense that Surface was fraudulently induced into signing an CT Page 1410 acceptance receipt before receiving the leased equipment. Defendants further allege that the equipment was represented as new, operable and free of defects, and that these representations were false.
The defendants have failed to allege that the plaintiff, Copelco Credit, made the false representations about either the equipment condition or the requirement of signing the acceptance receipt. Neither does the third special defense allege that the plaintiff had knowledge of the falsity of the representations. Consequently, the allegations of the third special defense are insufficient to raise the defense of fraudulent inducement and the motion to strike that defense should be granted.
Defendants' fourth and fifth special defenses allege rightful rejection of the leased equipment pursuant to Conn. Gen. Stat. 42a-2-602 and revocation of acceptance of the equipment pursuant to 42a-2-608.
The buyer of goods which fail in any respect to conform of the contract, may reject the whole. Conn. Gen. Stat. 42-a-2-601. In the fourth special defense defendants allege seven specific examples of ways in which the leased equipment failed to conform to the agreement. Accordingly, the defendants have sufficiently alleged facts to raise a special defense rightful rejection and the motion to strike the fourth special defense should be denied.
A buyer may revoke his acceptance of goods whose nonconformity substantially impairs its value to him if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances. Conn. Gen. Stat. 42a-2-608 (i)(b). The fifth special defense alleges that Surface was required to sign an acceptance before having received the equipment, and the equipment, when it was delivered, was non-conforming. These allegations, if proven, would establish a legal defense to this contract action. See Alarm Applications, 175 Conn. at 5465. Accordingly, the motion to strike the fifth special defense must fail.
The sixth special defense alleges that the lease provisions and warranty disclaimers which purportedly require full payment for new equipment even if the equipment does not operate are unconscionable under Conn. Gen. Stat. 42a-2-302. The statute provides that if the court finds that a contract or clause was unconscionable at the time it was made, the court may refuse to enforce the contract, or may enforce the remainder without the objectional clause. Conn. Gen. Stat. 42a-2-302 (1). In Hertz Commercial Leasing Corporation v. Dynatron, Inc.,37 Conn. Sup. 7 (1980), the superior court (Levine, J) examined a CT Page 1411 set of facts similar — to those presented here. The defendant lessee in Hertz also filed a special defense of unconscionability of the lease in question which required the lessee to pay in full in the event the lease was terminated by breach or default by the lessee. Id. at 15-17. The Hertz defendant had also rejected the leased equipment because of its failure to perform. Id. The court found the terms and the conditions of the lease to be unconscionable. Id. Accordingly, the allegations of the seventh special defense, viewed most favorably to the defendant, are sufficient to raise a defense of unconscionability and the motion to strike the same should be denied.
The plaintiff also moves to strike the seventh special defense which alleges that the disclaimers of warranties for the leased equipment are invalid pursuant to Conn. Gen. Stat.42a-2-316. Whether or not the disclaimers contained in the subject lease are ultimately found to be invalid will be determined at a later point in these proceedings. It is of no moment that the pleader may not be able to prove his allegations at trial; the sole inquiry at this stage is whether the allegations, if proved, state a [defense]. Levine v. Bess and Paul Sigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129,132 (1983). At this point the defendants' allegations of invalid disclaimers are sufficient to raise the defense under the statute and to withstand the motion to strike.
Lastly, defendants have raised a defense of estoppel in their eighth special defense stating "[p]laintiff is estopped by its actions from claiming amounts due under the lease." This special defense does not contain specific allegations as to exactly which of the plaintiff's "actions" the plaintiff is estopped by. The rules of pleading "are designed to clarify and fix the issues and confine the judicial inquiry necessary to decide the issues within reasonable and relevant limits." Conn. Practice Bk. 108; Pero Building Co. v. Smith, 16 Conn. App. 71,74 (1988). This is particularly true in cases involving complex contract documents. Id. Defendants' general reference to plaintiff's "actions" in their eighth special defense does not satisfy the rules of pleading.
In conclusion, the motion to strike the second special defense of want of consideration is denied; the motion to strike the third special defense of fraudulent inducement is granted; the motion to strike the fourth special defense of rightful rejection and the fifth special defense of revocation of acceptance is denied; the motion to strike the sixth special defense of unconscionability and the seventh special defense of invalid disclaimers is denied; and lastly, the motion to strike the eighth special defense of estoppel is granted. CT Page 1412
HICKEY, J.