[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
The defendants, Allied Controls Acquisition Corporation (ACAC) and Mohd Aslami, its CEO, move to strike Counts Three and Four of the plaintiff's complaint as against both defendants, and all six counts of the complaint as against Mr. Aslami.
The amended complaint, dated March 1, 1993, alleges that the plaintiff George Sabo contracted with the defendants to perform consulting services for ACAC and Aslami over a three year period for a payment of $150,000. Paragraph 4 of the complaint refers to this written agreement as attached to the complaint as Exhibit A.[1]
The complaint contains six counts against both defendants: 1) Breach of Contract, 2) Anticipatory Breach of Contract, 3) Double Wages Pursuant to Conn. Gen. Stat. 31-72, 4) Unfair Trade Practices, 5) Fraud, and 6) Unjust Enrichment.
A motion to strike tests the legal sufficiency of the allegations in the complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161 (1988).
The court may not consider factual matters outside of the pleadings in ruling on a motion to strike. See, e.g., Connecticut State Oil Company v. Carbone, 36 Conn. Sup. 181 (1979). There is a question, however, of whether the attachments to the complaint, Exhibit A, constitute a part of the pleading for purposes of this motion. Although P.B. 141 refers to the ability of the plaintiff to make such a document "a part of his complaint," there is some authority for the proposition that such exhibits continue to have an evidentiary character. See, e.g., Streicher v. Resch,20 Conn. App. 724 (1990).
The fact that an exhibit is attached to the complaint does CT Page 4466 not relieve the plaintiff from pleading with precision the facts necessary to support a cause of action. Pero Building Company v. Smith, 16 Conn. App. 71, 73 (1988). Both parties refer to the "agreement" in their memoranda of law and both rely on opposing constructions of certain of its provisions in their arguments. Although "speaking motions" addressed to the complaint for failure to state a claim have long been disallowed in Connecticut practice, see Bulkley v. Norwich Westerly Railway Company, 81 Conn. 284
(1908), the court concludes that treating the exhibit as part of the complaint for purposes of a motion to strike fosters "the winnowing process inherent in the ordinary pleading system, which normally enables the parties to contest the sufficiency of the complaint . . . before being required to respond thereto." Pero Building Company v. Smith, supra, at 74.[2]
With respect to the six counts against Mohd Aslami, the first three relate to the benefits accruing to the plaintiff under Exhibit A. Exhibit A, in all its incarnations, purports to obligate only the defendant ACAC and not Mohd Aslami personally. Counts Four, Five and Six allege extra-contractual conduct — statutory violations and misconduct sounding in equity — and facts may be proved which bind Mohd Aslami personally.
Accordingly, Counts One, Two, and Three are stricken against the defendant Mohd Aslami.
The Third Count alleges a violation of Conn. Gen. Stat.31-72, entitling the plaintiff to double damages for the failure of defendant to pay the plaintiff's wages. Conn. Gen. Stat.31-71a(3) defines "wages" as compensation for services rendered by an employee. Exhibit A to the complaint does not constitute an employment agreement but rather a "Consultancy Agreement" under which the plaintiff was retained rather than employed, paragraph 2, and was to be paid a fee rather than wages, paragraph 3. The Third Count is, therefore, stricken in its entirety.
Count IV alleges that the defendants engaged in unfair trade practices in violation of Conn. Gen. Stat. 42-110a et seq. (CUTPA). The defendants move to strike on the grounds that an employment relationship falls outside the scope of "trade or commerce" for purposes of CUTPA. Conn. Gen. Stat. 42-110a(4). While ordinarily true, the plaintiff alleges in paragraph 6 of the Fourth Count that the agreement to utilize plaintiff's services was only part of the commercial transaction between the parties; the remainder involved a purchase by the corporate defendant of CT Page 4467 assets in which the plaintiff had an interest. Read together with the claim in paragraph 9 that the acts of the defendants "were performed in the conduct of trade or commerce," the court cannot say that the unfair trade practice claim rests solely on the promise to use and pay for the plaintiff's services. Viewed in a light most favorable to the plaintiff, the Fourth Count may stand pending proof that brings it within the ambit of CUTPA.
The defendant's Motion to Strike is granted as to the defendant Aslami on Counts One, Two, and Three, and as to both defendants on Count Three. It is denied as to Count Four.
PATTY JENKINS PITTMAN, J.