[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Charles F. Baird, Jr. and Jane B. Baird, purchased a residence known as 11 Meadowcraft Lane, Greenwich, Connecticut, from the defendant, Frederick H. Kolbert, on or about July 28, 1993. The plaintiffs filed a four-count complaint on June 15, 1994, alleging intentional misrepresentation, fraudulent concealment, unjust enrichment, and a violation of Connecticut Unfair Trade Practices Act (CUTPA).
The complaint alleges the following facts. The parties negotiated the purchase of the property in the winter when the ground was frozen and covered with snowfall. During these negotiations and prior to purchasing the property, the plaintiffs inquired of the defendant and his agents regarding the condition of the septic system. The defendant also orally and in writing represented through his agents that a new septic system had been recently installed. In addition, the defendant represented and warranted under the terms of the purchaser's rider to agreement of special defenses. "Whenever any party wishes to contest . . . (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Bouchard v.People's Bank, 219 Conn. 465, 468 n. 3, 594 A.2d 1 (1991). A motion to strike can challenge a special defense. See ConnecticutNational Bank v. Douglas, 221 Conn. 530, 534, 606 A.2d 684 (1992). "In ruling on a motion to strike, the court is limited to the facts CT Page 12239 alleged in the [non-moving party.]." (Internal quotation marks omitted.) Novametrix Medical Systems. Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
The plaintiffs base their motion to strike the first and second special defenses on the grounds that since their claims are based in fraud, they cannot be negated by contractual defenses. They seek to strike the third special defense because it has effect only against oral representations made while negotiating a contract, and the plaintiffs' claims arise from fraudulent misrepresentation. The plaintiffs move to strike the fourth special defense because the merger doctrine only functions to bar the survival of representations and warranties in contractual actions in the absence of fraud, and their claims are replete with fraudulent allegations. The plaintiffs argue that the fifth special defense should be stricken because it states a legal defense that is only applicable to contract claims and not to claims of fraud.
The plaintiffs cite a number of New York decisions and federal Circuit Court decisions to support their motion to strike. The plaintiffs summarize the defendant's special defenses as contending that all representations and warranties merged into the deed and were therefore extinguished at the closing. The plaintiffs' assertion that other jurisdictions have held that merger doctrine does not bar an action in fraud is in fact correct. See Woodworthv. Delgrand, 572 N.Y.S.2d 170 (1991); Lawlor v. Engley, 563 N.Y.S.2d 160
(1990); West 90th Owners Corp. v. Schlecter, 525 N.Y.S.2d 33 (1988); Perry v. Stewart Title Co., 756 F.2d 1197 (5th Cir. 1985). The plaintiffs have alleged fraud on the part of the defendant, but the issue has yet to be determined, and the special defenses do not bar an action based upon fraud.
The rules of pleading "are designed to clarify and fix the issues and to confine the judicial inquiry necessary to decide the issues within reasonable and relevant limits." Pero Building Co.,Inc. v. Smith, 16 Conn. App. 71, 74, 547 A.2d 59 (1988). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman,221 Conn. 465, 472-73, 604 A.2d 814 (1992). "A release of liability must be pleaded as a special defense." New England Savings Bank v.FTN Properties Limited Partnership, 32 Conn. App. 143, 146,628 A.2d 30 (1993). CT Page 12240
The contractual provisions cited by the defendant in his special defenses introduce a question of fact as to the validity of the plaintiffs' claims. "It is established well beyond the need for citation that parties are free to contract for whatever terms on which they may agree. This freedom includes the right to contract for the assumption of known or unknown hazards and risks that may arise as a consequence of the execution of the contract."Holly Hill Holdings v. Lowman, 226 Conn. 748, 755-56, 628 A.2d 1298
(1993). By alleging a contractual defense, the defendant has filed special defenses that are legally sufficient. Accordingly, the plaintiffs' motion to strike the special defenses is denied.
So Ordered.
Dated at Stamford, Connecticut this 5th day of December, 1994
WILLIAM BURKE LEWIS, JUDGE