## TERRY K. BUSHY ET AL. *v.* GEORGE E. FORSTER ET AL.
### (15227)

Callahan, Berdon, Norcott, Katz and Palmer, Js.

Argued February 14—decision released March 26, 1996

*Herbert Watstein,* for the appellants (plaintiffs).

*Emmanuel E. Manuelidis,* with whom, on the brief, was *Charles M. Fresher,* for the appellees (defendants).

PER CURIAM. The plaintiffs, Terry K. Bushy and Robert K. Bushy, brought an action against the defendants, George E. Forster and Judith A. Forster, to recover damages for personal injuries suffered by the named plaintiff when she fell on an accumulation of ice in the driveway of a house in Bristol, which was owned by the defendants and leased to the plaintiffs.[1]

After a trial, the jury returned a preprinted verdict form naming the defendant George Forster only and found the issues in his favor. The plaintiffs filed a motion to set aside the verdict for various reasons. The trial

---

[1] The plaintiff Robert Bushy sought damages for medical expenses for which he was responsible and loss of consortium.

court denied the plaintiffs' motion and subsequently rendered judgment in accordance with the verdict, stating that "neither party recover of the other damages or costs." The plaintiffs appealed from the trial court's judgment to the Appellate Court.

The Appellate Court dismissed the plaintiffs' appeal, suo motu, for lack of a final judgment because the record failed to indicate a jury finding as to the defendant Judith Forster. The plaintiffs thereafter filed a motion for reargument or reconsideration, requesting that the Appellate Court either remand the case to the trial court to allow that court to render judgment for the defendant Judith Forster or accept their stipulation that the trial court's judgment should apply to both defendants. The defendants concurred with the plaintiffs' request. The Appellate Court denied the plaintiffs' motion for reargument or reconsideration.

The plaintiffs subsequently petitioned this court for certification. We granted certification, limited to the following question: "Was the Appellate Court correct in dismissing the plaintiffs' appeal for lack of a final judgment as to the defendant George Forster when judgment was [rendered] in favor of the defendant George Forster against the plaintiffs because the case is still pending against the defendant Judith Forster?" *Bushy* v. *Forster*, 232 Conn. 919, 656 A.2d 669 (1995).

We deviate from the usual course and abstain from answering the certified question. It is obvious from a review of the record on appeal that the jury's verdict for the defendant George Forster only was inadvertent. The resolution of the issues decided by the jury applied equally to both defendants, and both defendants were entitled to judgment if those issues were resolved against the plaintiffs. Manifestly, the verdict for the defendant George Forster alone was caused by the unexplained omission of the name of the defendant

Judith Forster from the preprinted verdict form returned by the jury foreperson. That omission apparently was not noticed by the trial court or the parties and did not come to light until the final judgment issue was raised, suo motu, by the Appellate Court.

In view of the circumstances and in the interest of judicial economy, we believe the proper course is to remand the case to the trial court for judgment in favor of both defendants, George Forster and Judith Forster. Once judgment is rendered for both defendants, the Appellate Court should reinstate the plaintiffs' appeal on its docket. See Practice Book § 4187.[2]

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction both to remand the case to the trial court with direction to render judgment for the defendants and, thereafter, to reinstate the plaintiffs' appeal on the docket of the Appellate Court.

---

[2] Practice Book § 4187 provides in pertinent part: "In the interest of expediting decisions, or for other good cause shown, the court in which the appeal is pending may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction."