# TERRY K. BUSHY ET AL. *v.* GEORGE E. FORSTER ET AL.
## (SC 15604)

Callahan, C. J., Norcott, Katz, Palmer and McDonald, Js.

Argued October 29, 1997—officially released January 27, 1998

*Michael P. Del Sole,* with whom, on the brief, was *Anthony J. Pantuso III,* for the appellants (defendants).

*Herbert Watstein,* for the appellees (plaintiffs).

Opinion

MCDONALD, J. The sole issue in this appeal is whether the Appellate Court correctly concluded that the trial court abused its discretion by insufficiently commenting on the evidence in its charge to the jury. We conclude that the trial court adequately instructed the jury and accordingly reverse the judgment of the Appellate Court.

The plaintiff, Terry K. Bushy,[1] filed a complaint, alleging negligence and nuisance by the defendants, George E. Forster and Judith A. Forster, for events relating to the plaintiff's fall at the defendants' apartment building where the plaintiff was a tenant. The plaintiff alleged that the defendants negligently allowed water from a roof downspout to drain onto the driveway surface, where the water froze and created a dangerous and hazardous condition, upon which she fell. The defendants denied that they were negligent and that they created any dangerous condition. They also filed a special defense that the plaintiff's own negligence caused her injuries.

---

[1] The complaint named Terry K. Bushy and her husband, Robert Bushy, as the plaintiffs. Terry K. Bushy and her husband originally sought damages in three counts, nuisance, negligence and loss of consortium. The loss of consortium claim was not pursued at trial and no evidence was presented in relation to it. Because Robert Bushy is no longer a party in interest, Terry K. Bushy is referred to as the plaintiff throughout this opinion.

The plaintiff filed requests to charge, some of which alluded to the facts alleged in her complaint. The court instructed the jury to determine, however, whether the evidence presented supported any of the allegations in the complaint or the special defense of contributory negligence. In doing so, the court provided the jury with copies of the complaint, answer and special defenses.[2]

The plaintiff excepted to the trial court's instructions, claiming that there "should have [been] some reference to some of the evidence . . . . [T]he court could have

[2] The court instructed the jury as follows: " 'As to the pleadings. You're going to have in the jury deliberation room with you the pleadings. . . . Now in this case; the plaintiff has alleged two theories of liability against the defendant in her complaint. Count one is in negligence. Count three is in nuisance. . . . I am not going to read all the allegations of the complaint to you, but I will point out to you that you must look at the complaint and see if the evidence supports any of the allegations of the complaint . . . I would point out to you that as you review the complaint, allegation ten spells out what the claims of negligence are by the defendant. That's what the plaintiff claims the defendant did wrong. So, look at allegation ten. Basically, the defendant denies allegation ten, denies that they did anything wrong to cause the fall. Allegation eleven spells out what the plaintiff claims her injuries were and basically the defendants leave the plaintiff to her proof as to the allegations of injury. . . . You'll see that the third count is a count in absolute nuisance. I will go over that with you when I describe what nuisance is. You will have a copy of the defendant's answer and you will note in the defendant's answer that they set forth special defenses. Of course, the special defenses are denied by the plaintiff and you'll have a copy of that denial. But, essentially what the defendant says in their special defenses are that in the first special defense, they say that any injuries and damage suffered by the plaintiff were caused by the carelessness and negligence of the plaintiff, Terry Bushy, in one or more of the following ways: A, in that she failed to keep a proper lookout for her own safety, and B, that she failed to watch where she was going and failed to watch where she was placing her feet. And, C, that she failed to make reasonable and proper use of her senses. And there's further, there's D, E and F, and I'm not going to read the entire account. You'll have it with you in the jury room. The second special defense is that the injuries and damages suffered by the plaintiff were caused by her own negligence and failure to remove snow from the driveway. And then there's a third special defense. Again, you're going to have those documents in the jury deliberation room with you and you will be able to review them in more detail, at that time.' " *Bushy* v. *Forster*, 43 Conn. App. 578, 581–82 n.3, 684 A.2d 739 (1996).

clarified and related some of the evidence to the charge." In response, the court stated, "[I]t's this court's policy not to comment on the evidence . . . ."

The jury rendered a verdict in favor of the named defendant. The plaintiff thereafter appealed to the Appellate Court, which dismissed, suo motu, the plaintiff's appeal for lack of a final judgment as to the defendant Judith A. Forster. The plaintiff, on the granting of certification, appealed to this court. We reversed the Appellate Court's judgment of dismissal and remanded the case to that court with direction to remand the case to the trial court for judgment in favor of both defendants and to reinstate the case on the Appellate Court docket. *Bushy* v. *Forster*, 236 Conn. 451, 673 A.2d 109 (1996). Thereafter, the Appellate court reversed the judgment of the trial court and remanded the case for a new trial.[3] *Bushy* v. *Forster*, 43 Conn. App. 578, 684 A.2d 739 (1996). We granted the defendants' petition for certification to appeal as to the following issue: "Under the circumstances of this case, did the Appellate Court properly conclude that the trial court abused its discretion in not commenting on the evidence in its charge to the jury?" *Bushy* v. *Forster*, 240 Conn. 905, 688 A.2d 333 (1997).

" 'The extent to which a court should comment on the evidence is largely a matter within its sound discretion.' " *State* v. *Lemoine*, 233 Conn. 502, 515, 659 A.2d 1194 (1995). However, " 'in some cases, where the issues are complicated, peculiar, or capable of differing conclusions, comment by the court is necessary.' " Id.

This was a simple case, presented in six days, where the evidence was not complicated. The issues concerning the landlord's negligence in the maintenance of the

---

[3] The plaintiff raised two other issues on appeal which the Appellate Court did not consider. *Bushy* v. *Forster*, 43 Conn. App. 578, 579 n.1, 684 A.2d 739 (1996).

building's roof drainage system and the tenant's conduct leading up to her fall were straightforward. The trial court clearly spelled out the duty of the defendants to maintain the premises in a reasonably safe condition and the duty of the plaintiff to act in a reasonably safe manner to avoid injury.

We conclude, in the circumstances, that the trial court's instructions gave sufficient direction with respect to the allegations of the plaintiff's complaint and the defendants' special defenses to guide the jury in its deliberations. The extent and detail of the facts in a jury instruction is properly within the broad discretion of the trial judges.[4]

Because we conclude that the trial court did not abuse its discretion in its charge to the jury, we reverse the judgment of the Appellate Court and remand the case to that court to resolve the remaining issues on appeal.

The judgment of the Appellate Court is reversed and the case is remanded to that court for further proceedings.

In this opinion the other justices concurred.

---

[4] We also suggest that more detailed requests to comment on the evidence and exceptions to the charge than were present here should be provided by counsel. A general exception that merely requests further instructions commenting on the evidence may result in improper emphasis on some evidence.