### TERRY BUSHY ET AL. *v.* GEORGE E. FORSTER ET AL.
### (AC 12729)

O'Connell, C. J., and Spear and Hennessy, Js.

Submitted May 1—officially released September 1, 1998

---

*Michael P. Del Sole*, with whom, on the brief, was *Anthony J. Pantuso III*, for the appellants (defendants).

*Herbert Watstein*, for the appellees (plaintiffs).

### Opinion

PER CURIAM. This case comes to us on remand from our Supreme Court. We previously reversed the judgment of the trial court because in its charge to the jury, the trial court failed to relate the law to the factual issues in the case. *Bushy* v. *Forster*, 43 Conn. App. 578, 684 A.2d 739 (1996). Our Supreme Court reversed our decision; *Bushy* v. *Forster*, 243 Conn. 596, 706 A.2d 8 (1998); stating that "[t]his was a simple case, presented in six days, where the evidence was not complicated. The issues concerning the landlord's negligence in the maintenance of the building's roof drainage system and the tenant's conduct leading up to her fall were straightforward. The trial court clearly spelled out the duty of the defendants to maintain the premises in a reasonably safe condition and the duty of the plaintiff to act in a reasonably safe manner to avoid injury." Id., 599–600.

On remand, the Supreme Court has directed us to address the remaining issues raised by the plaintiff.[1] One of the plaintiff's claims is based on an incorrect factual assertion, and we decline to review the eight remaining issues because of inadequate briefing. We affirm the judgment of the trial court.

---

[1] The plaintiff Robert Bushy's claim for loss of consortium was not pursued at trial. We refer in this opinion to Terry K. Bushy as the plaintiff.

The facts are set out in the Supreme Court's opinion. "The plaintiff, Terry K. Bushy, filed a complaint, alleging negligence and nuisance by the defendants, George E. Forster and Judith A. Forster, for events relating to the plaintiff's fall at the defendants' apartment building where the plaintiff was a tenant. The plaintiff alleged that the defendants negligently allowed water from a roof downspout to drain onto the driveway surface, where the water froze and created a dangerous and hazardous condition, upon which she fell. The defendants denied that they were negligent and that they created any dangerous condition. They also filed a special defense that the plaintiff's own negligence caused her injuries." *Bushy* v. *Forster*, supra, 243 Conn. 597.

The plaintiff purports to brief her remaining nine claims in two and one-half pages.[2] Each claim is based on the trial court's failure to instruct the jury as per a specific request of the plaintiff. In one of the claims, the plaintiff incorrectly asserts that the trial court failed to instruct the jury that contributory negligence is not a defense to the plaintiff's absolute nuisance count. The trial court did in fact instruct the jury that "[i]f you find that the plaintiff has established that an absolute private nuisance existed by a preponderance of the evidence you will not consider the concepts of contributory or comparative negligence of the plaintiff relative to the claim of absolute private nuisance." This claim, therefore, is obviously without merit.

Of the plaintiff's remaining eight claims,[3] four lack citation to any authority. Six of the claims are no more

---

[2] There were originally eleven additional claims that were briefed in three and one-half pages. Two claims, to which the plaintiff devoted approximately one page of briefing, were withdrawn.

[3] The plaintiff claims that the trial court improperly failed to charge the jury (1) that pursuant to General Statutes § 47a-7 (a) (2), a landlord has a statutory duty to keep demised premises fit and habitable; (2) that if falling snow somewhat increased the danger of the underlying defect and amounted to no more than an incidental and slight cause of the plaintiff's injuries, the

than bare assertions, four of which offer no analysis, and the remaining two offer only minimal and undeveloped analysis. Our Supreme Court has stated that "[w]e are not required to review issues that have been improperly presented to this court through an inadequate brief." *Connecticut National Bank* v. *Giacomi*, 242 Conn. 17, 44–45, 699 A.2d 101 (1997). We have held that "[a]nalysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." *State* v. *Henderson*, 47 Conn. App. 542, 558, 706 A.2d 480, cert. denied, 244 Conn. 908, 713 A.2d 829 (1998). We conclude that the briefing here is inadequate and, therefore, decline to review the plaintiff's claims.

The judgment is affirmed.

jury must find that the preexisting ice and not the new precipitation was the proximate cause of the plaintiff's injuries; (3) that pursuant to General Statutes § 47a-16 (b), the landlord has a right and duty to inspect the premises; (4) that if the jury found that there was no written lease, the plaintiff was a month-to-month tenant, and the defendants were under a legal duty to repair the premises and were responsible for the injuries; (5) that the defendant had a continuing duty to repair the premises; (6) that "premises" is defined in General Statutes § 47a-1 (g) as including appurtenances and grounds; (7) that momentary inattention on the part of the plaintiff does not constitute contributory negligence; and (8) that the plaintiff should be presumed to exercise due care.