[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Russo Roofing, Inc., has filed a one count complaint against the defendant, Naomi Rottman. The complaint seeks the foreclosure of a mechanics lien which the plaintiff placed on property owned by the defendant located at S Beach Avenue, Milford, Connecticut. The plaintiff had performed repair and replacement work on the roof of the home and garage located on the property. The defendant has answered, denying the allegations of the complaint and raising three special defenses. The special defenses allege, in various respects, that the plaintiff's work was improperly performed. The defendant has also filed a two count counterclaim. In the first count, the defendant alleges that she was damaged because the work done by the plaintiff was performed improperly. In the second count, the defendant alleges that, because of the work improperly performed by the plaintiff, water leaked into the house. As a result, she had to hire other workers to temporarily repair the roof. She will also have to further repair or replace the work done by the plaintiff. The court, after considering the testimony and evidence submitted by the parties, makes the following findings of fact.[1]
CT Page 7252
The parties entered a written contract on September 11, 2000 for the plaintiff to replace the roofs on the house and garage owned by the defendant. The roof had leaked in the porch area on previous occasions. The contract provided that the total cost for the work was to be eighteen thousand dollars. The work commenced on or about October 30, 2000 and finished on or about November 6, 2000. During the work, the parties agreed verbally that an additional one thousand, forty dollars would be paid by the defendant for the replacement of additional plywood in the porch area. Although the contract provided that ice and water shield would be installed over the entire wood deck area, the plaintiff did not install the ice and water shield until the deficiency was noticed by the defendant. At that time, ice and water shield was borrowed from a neighbor of the defendant, as the plaintiff stated that he was all out of the shield.[2] The portion of the roof already replaced without the shield was not redone. In certain respects, the replacement of the roof was not done in a workmanlike manner. Some examples of poor workmanship include gaps and holes in flashing, broken moldings, improper nailing of roof shingles and improper installation of plywood and drip edge. The plaintiff also failed to obtain a building permit prior to commencing the work. When the work was completed, the defendant gave the plaintiff a check for eighteen thousand dollars. One thousand, forty dollars was withheld by the defendant because of the ice and water shield borrowed from the neighbor.
The day after completion of the roof, it rained. Due to the improper installation of the roof, a substantial amount of rainfall entered the house in the porch, chimney and banister areas. The defendant stopped payment on the check. The parties were not able to resolve the issue and the plaintiff filed the mechanics lien which is the subject of this action.
The plaintiff is suing to foreclose a mechanics lien filed to recover the value of materials and labor in connection with the installation of the roof. Although the plaintiff is not suing under the contract, the court has considered the contract price of eighteen thousand dollars and the additional one thousand, forty dollars, agreed for the additional plywood, as one indicia of evidence of the claimed value of the materials and labor and as a cap on the amount of any possible recovery by the plaintiff under the complaint. See General Statutes § 49-36. Considering the defendant's counterclaim, the court finds that the experts on behalf of the defendant were more credible than the expert who testified for the plaintiff, both as to the amount of remedial work which needs to be done to. the roof and as to the expense for the remediation. The court finds that the repair work which needs to be done to the roof is due to the unworkmanlike manner in which the plaintiff replaced the roof. The court finds that the reasonable cost to substantially repair or CT Page 7253 replace the roof is fifteen thousand, nine hundred and seventy-four dollars, including tax, which is due to the defendant under the counterclaim. The court, therefore, awards a net sum to the plaintiff under the complaint, after deducting the sum due the defendant on the counterclaim, of three thousand, sixty-six dollars. This amount represents the value of materials and labor owing to the plaintiff under the mechanics lien when reduced by the sums which the defendant will have to spend to repair or replace the roof. See Hedderman v. Robert Hall ofWaterbury, Inc., 145 Conn. 410, 144 A.2d 60 (1958).[3]
Although there was testimony as to damage caused to the interior of the home, no award is given to the defendant for interior damage. Nowhere in the defendant's answer, special defenses or counterclaims has any interior damage to the structure been pleaded. Whereas the defendant has pleaded that water entered into the home, the counterclaims only provide that "[a] a result of the aforesaid, the defendant has been required to procure the services of other workmen to temporarily repair the roof, and will be required in the future to further repair and/or replace the work performed by plaintiff. As a result of the aforesaid, defendant has been damaged." Even reading the pleading in the light most favorable to the defendant, no interior damage is alleged.
"The purpose of [a pleading] is to limit the issues to be decided at the trial of a case and is calculated to prevent surprise." (Citations omitted; internal quotation marks omitted.) Borkowski v. Sacheti,43 Conn. App. 294, 320, 682 A.2d 1095, cert. denied, 239 Conn. 945,686 A.2d 120 (1996). "A [pleading] must fairly put the [opposing party] on notice of the claims against him." (Citations omitted.) Farrell v.St. Vincents Hospital, 203 Conn. 554, 557, 525 A.2d 954 (1987). "The principle that a [party] may rely only upon what he has alleged is basic. . . . It is fundamental in our law that the right of a [party] to recover is limited to the allegations of his [pleading]. What is in issue is determined by the pleadings and these must be in writing. Once the pleadings have been filed, the evidence proffered must be relevant to the issues raised therein. A judgment upon an issue not pleaded would not merely be erroneous, but it would be void." (Citations omitted; internal quotation marks omitted.) Wright v. Hutt,50 Conn. App. 439, 449-50, 718 A.2d 968, cert. denied,247 Conn. 939, 723 A.2d 320 (1998); see alsoHamernick v. Bach, 64 Conn. App. 160, 166-67,779 A.2d 806 (2001).
The court is aware that "[w]hile our courts have followed a liberal policy in passing upon claims of variance between pleading and proof, it is still the law that the allegations of the [pleading] provide the measure of recovery." Antonofsky v. Goldberg, 144 Conn. 594, 599, CT Page 7254136 A.2d 338 (1957). The court also notes that immaterial variances between what is alleged in a pleading and what is proved may be wholly disregarded. See Practice Book § 10-62. "[W]hether the [pleading] gives the [party] fair and proper notice is the controlling factor and this must be determined upon the situation in each case." Varley v.Motyl, 139 Conn. 128, 138-39, 90 A.2d 869 (1952). The court notes that although the plaintiff did not object to the introduction of evidence concerning interior damage, the plaintiff submitted no evidence to counter the evidence submitted by the defendant, both as to the extent of the claimed interior damage and the cost of its repair. The plaintiff did attempt, however, to counter the evidence submitted as to the condition of the roof, which had been pleaded and of which the pleadings gave the plaintiff notice. The court also notes that the defendant did not request to amend the allegations of its counterclaim to include interior damage. See Practice Book § 10-62.
As the claims pleaded by the defendant gave the plaintiff no notice that any interior damage was claimed, no recovery is given the defendant due to claimed interior damage. See Pero Building Co. v. Smith,16 Conn. App. 71, 547 A.2d 59 (1988)
The Court
 By ___________________ Grogins, J.